THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STAR INSURANCE COMPANY | : |
| Plaintiff | : |
| v. | :    3:12-cv-0047 |
| | :    (JUDGE MARIANI) |
| TREIBLE'S WRECKER SERVICE, INC., et al. | : |
| Defendants | : |

## MEMORANDUM OPINION

This matter arises upon the Complaint of Plaintiff Star Insurance Company ("Plaintiff") against Defendants Treible's Wrecker Service, Inc. ("TWS"), Wayne Treible, Sr. ("Treible"), and Eric Keil ("Keil")(together, "Defendants"), seeking rescission of an insurance policy issued to TWS and Treible. It is alleged that TWS and Treible negligently inspected an automobile that was later involved in an accident in which Kimberly Biggs-Keil ("Biggs-Keil") was killed. Keil, as the administrator of the Biggs-Keil estate, filed suit against the other driver, Fatmir Mece, in the Court of Common Pleas of Luzerne County ("Underlying Action"). The Underlying Action also named TWS and Treible as defendants, and alleged that their inadequate inspection of a vehicle involved in the wreck caused Biggs-Keil's death.

Plaintiff filed the present action to rescind any insurance coverage it provided to TWS and Treible, as Plaintiff alleges that they provided false information in their insurance application when they indicated that they only provided towing services, and that their shop did not fix or inspect automobiles. TWS and Treible were timely served, but did not respond

to the Complaint. Keil filed a timely answer (Doc. 5). On March 22, 2012, the Court entered default as to both TWS and Treible (Doc. 15). Neither party responded, and Plaintiff filed a Motion for Default Judgment as to TWS and Treible on April 23, 2012 (Doc. 18). On April 24, 2012, Plaintiff and Keil participated in a case management conference, in which the Court instructed the parties to file briefs addressing the impact a default judgment would have on Keil's standing in the case. Plaintiff and Keil timely filed their briefs, and both sides indicated that a default judgment entered against TWS and Treible would not require Keil to be dismissed from the case and would not affect his standing as a defendant in this matter. The Court agrees.

Two cases from the Third Circuit are particularly instructive: *Federal Kemper Ins. Co. v. Rauscher*, 807 F.2d 345 (3d Cir. 1987), and *American Automobile Ins. Co. v. Murray*, 658 F.3d 311 (3d Cir. 2011).

In *Rauscher, supra*, Federal Kemper Insurance Company ("Kemper") brought a declaratory judgment action against both its insured, Richard H. Rauscher ("Rauscher"), and the injured parties, the Griffiths ("Griffiths"). Rauscher and the Griffiths suffered severe injuries in an automobile owned by the Rauscher's girlfriend's mother, and the Griffiths filed suit against him as the driver. Kemper claimed that the accident and the vehicle involved were not covered by the terms of the policy it issued to Rauscher, and sought a declaration of its rights in federal court. A default judgment was issued against Rauscher as the insured. The district court then granted Kemper's motion for summary judgment, and held

that the Griffiths' rights were derivative of Raucher's rights and that the Griffiths lacked standing to remain as parties after default judgment was entered against the Raucher. The Third Circuit reversed and held that the district court's ruling that "when a default judgment was rendered against Rauscher, judgment had to be entered against the Griffiths as well" was incorrect. See Rauscher, 807 F.2d at 349. The Third Circuit noted that Kemper brought a motion for default judgment against Rauscher alone, and not the Griffiths, and that the district court sua sponte entered judgment against all of the defendants on the basis that "the rights of the Griffiths were completely dependent upon, and derivative of, any rights Rauscher had." See id. At base, the Third Circuit noted, the district court incorrectly held that the injured parties lacked standing to continue as parties in the suit. See id. at 350.

The Third Circuit further held that the question of standing turned on the existence of a case or controversy between the parties. See id. The Court found:

> For if there is a distinct "case or controversy" in the contest between the Griffiths and the insurance company, then as pleaded by Kemper in its complaint, the Griffiths are necessary parties. They may therefore assert that the policy covered Rauscher and, if necessary, may act to reform the policy to reflect such coverage.

Id. at 351. The Court further found:

> We must determine whether the rights of an injured party within the procedural context of a declaratory judgment action are truly derivative of the rights of the co-defendant insured. If the rights of the injured party, in this case the Griffiths, are derivative, and not independent, then a default judgment against the insured must lead to a judgment against the injured party. The federal court would no longer have proper jurisdiction over the case, because in the absence of the insured, in this case Rauscher, there

3

> would be no real dispute between Kemper, the insurance company, and the Griffiths, the injured parties.

*Id.* at 351.

> On the other hand, if there existed a "case or controversy" between the insurance company and the injured party then the default judgment against the insured would not oust the court of jurisdiction over the matter; the case would be justiciable even in the absence of the insured.

*Id.* Furthermore, cases brought under the Declaratory Judgment Act, 28 U.S.C. § 2201, are subject to this rule. *See id.* at 352.

In coming to its decision to reverse in *Rauscher*, the court examined the Seventh Circuit's decision in *Hawkeye-Security Ins. Co. v. Schulte*, 302 F.2d 174 (7th Cir. 1962), in which the court found that it would be "anomalous to hold that while an actual controversy existed between an insurance company and an injured party, an injured party could be denied the right to actually participate in the controversy." *See id.* at 352-53 (citing *Schulte*, 302 F.2d at 177). The *Schulte* court found that "[a]ppellee [insurance company] voluntarily brought the appellant [injured party] into this litigation as a party defendant," and that as a consequence of this decision, and as a proper party to the action, the injured party "should be heard to assert any proper defense raised by his answer to the complaint." *Id.* at 353 (quoting *Schulte*, 302 F.2d at 177). The Third Circuit also cited *Standard Accident Ins. Co. v. Meadows*, 125 F.2d 422 (5th Cir. 1942), in which the Fifth Circuit held that it constitutes plain error for a court to dismiss injured claimants from an action in which the insurance company seeks a declaratory judgment on the propriety of coverage. *See id.* at 424.

4

In the matter *sub judice*, there is a real and particularized dispute between Plaintiff and Keil because even in the absence of TWS and Treible, Keil remains a specifically named defendant and has a direct interest in the outcome of the declaratory judgment. Simply put, a vindication of the interests of the remaining parties in the present declaratory judgment suit will determine whether Keil is likely to receive any compensation in the Underlying Action. In addition, it is well established within the Third Circuit that an injured party is a "necessary and proper" party to a proceeding in which an insurance company seeks a declaration of non-liability. *See United States Fidelity and Guaranty Co. v. Ditoro*, 206 F. Supp. 528, 532-33 (M.D. Pa. 1962)(citing *Maryland Casualty Co. v. Consumers Finance Serv.*, 101 F.2d 514 (3d Cir. 1938)(pre-Rule 19)); *see also Brotherhood Mut. Ins. Co. v. Salem Baptist Church of Jenkinstown*, No. 10-7072, 2012 WL 1526851, at *4 (E.D. Pa. Apr. 30, 2012)(quoting *Murray*, 658 F.3d at 317-18)("injured third party in an insurance coverage dispute suffers 'a concrete and particularized invasion of a legally protected interest that is actual or imminent, not conjectural or hypothetical'"); *Nat. Specialty Ins. Co. v. Papa*, No. 11-2798, 2012 WL 868944, at *5 n. 2 (D.N.J. Mar. 14, 2012)(acknowledging Third Circuit's holding in *Rauscher, supra*, that "plaintiffs in an underlying tort action were indispensable parties to a separate action concerning insurance coverage for a defendant in the underlying action and an insurer").

It is important to note that the *Rauscher* court, in *dicta*, noted that their decision was aided, but not dependent upon, the fact that the Pennsylvania No-Fault Law permitted the

injured party to file a direct action against the insurance company to recover damages. *See Rauscher*, 807 F.2d at 354. No such statute exists in the present matter; nevertheless, as the court noted in *Rauscher*, "[i]n terms of fairness, the injured party should be able to present its case upon the ultimate issues, even if the insured does not choose to participate." *Id.* at 355. "This equitable consideration is especially persuasive in view of the fact that the insurance company in this case initiated the action and brought [the injured parties] into federal court." *Id.* This squares directly with the facts presented in the present dispute, where Plaintiff specifically chose to name Keil as a defendant.

Similarly, in *Murray*, 658 F.3d 311, the Third Circuit addressed the propriety of dismissing an injured party from an action in which the insurance company sought a declaration as to its responsibilities under a professional liability policy. The facts underlying that matter are pivotal: a nineteen-year-old female passenger, Jessica Easter ("Jessica"), was killed in an automobile accident after the nineteen-year-old driver of her car, Stephen Meloni ("Meloni"), illegally consumed alcohol and crashed. The alcohol was illegally purchased by a friend of the driver, Gary Grato ("Grato"), and given to Meloni for consumption. Jessica's estate ("Estate") filed suit against the Meloni, in addition to the liquor store, Ennie, Inc. ("Ennie"), who sold the alcohol to Grato. Ennie filed a claim with its insurance carrier, who disclaimed coverage on the basis that there was a liquor liability exclusion in the policy it issued. Ennie then filed a lawsuit against its insurance agent, Tyrone Murray ("Murray"), who brokered the policy and claimed that Murray negligently

failed to include a liquor liability provision in the policy. Murrray subsequently filed a claim with his professional liability carrier, American Automobile Insurance Company ("AAIC"). AAIC then filed a suit seeking a declaratory judgment that Murray's alleged wrongful act occurred outside the time period covered by the policy. Summary judgment was granted in favor of AAIC. Ennie and the Estate both appealed, and the Third Circuit raised the issue of standing *sua sponte.*

The court distinguished the facts in *Murray* from those in *Rauscher*, and held that Ennie had standing to appeal, but that the Estate did not because its interests were too far removed from the declaratory judgment action. "Like the passengers in *Rauscher*, Ennie is the directly injured party and its interests in the lawsuit are, therefore, independent of the insured." *Murray*, 658 F.3d at 319. The court held that Ennie "has a particularized interest in the lawsuit because a determination of Murray's coverage would dictate its ability to receive the full benefit of the Ennie lawsuit." *Id.* The court further held that "[t]he holding in *Rauscher*, however, does not extend to [the Estate], as [it] is an injured party twice-removed." *Id.* "Unlike Ennie, the [Estate's] interests in this lawsuit are purely derivative of the injured third party's interests." *Id.* "Essentially, the only interest [the Estate] has in the lawsuit is the potential pecuniary gain that will flow to [it] through Ennie, since [it] has failed to make any claims directly against the insured." *Id.*

In the present matter, the administrator of Biggs-Keil's estate directly lodged an action for damages against TWS and Treible. Plaintiff then named Keil, as administrator of

7

the estate, as a direct defendant in the declaratory judgment action on the issue of insurance coverage. The facts presented here are most analogous to those in *Rauscher*, and are distinct in key respects from those described in *Murray*, most notably with regard to the degree of the relationship between the injured and the insurance company. Keil is not an injured party twice-removed. Moreover, "in many of the liability insurance cases, the most real dispute is between the injured third party and the insurance company, not between the injured and oftentimes impecunious insured." *Rauscher*, 807 F.2d at 354 (quoting 6A James Wm. Moore et al., *Moore's Federal Practice* ¶ 57.19). Such is the case at bar. It would be inequitable, in defiance of common sense, and incorrect as a matter of law, to hold that Keil does not have a direct stake in the declaratory judgment action.

Accordingly, the entry of a judgment of default against TWS and Treible does not necessitate the entry of default judgment, and as a consequence, summary judgment, against Keil. An appropriate Order will follow.

DATE: June 21, 2012

Robert D. Mariani
United States District Judge