IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STAR INSURANCE CO.,

    Plaintiff,

v.

TREIBLE'S WRECKER SERVICE, INC.,
et al.,

    Defendants.

3:12-CV-00047
(JUDGE MARIANI)

FILED
SCRANTON
OCT 1 1 2013
PER ___
DEPUTY CLERK

## MEMORANDUM OPINION

### I. Introduction

On January 9, 2012, Star Insurance Company initiated this action by filing a Complaint requesting, in relevant part, (1) that the Court declare its insurance policy with Defendants Wayne Treible and Treible's Wrecker Service rescinded and void *ab initio* and (2) that Star has no obligation to defend or indemnify Treible or Treible's Wrecker Service in an underlying state court action. (Compl., Doc. 1, at ¶ 31(a)-(c).) On September 28, 2012, Star Insurance filed a Motion for Summary Judgment (Doc. 38). Seeing no federal questions raised in the litigation, the Court issued an Order on August 27, 2013 that requested supplemental briefing from the parties to explain why it should exercise its discretion under the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., to hear the case. (*See* Doc. 43.) The parties timely responded, and both asserted that the

case should remain in federal court. (Docs. 44; 45.)[1] Nonetheless, for the reasons discussed below, the Court cannot agree that this action constitutes an appropriate use of the federal forum. Accordingly, it will decline to exercise jurisdiction and will dismiss the case.

## II. Factual Background

In an underlying lawsuit, Eric Keil brought a claim on behalf of his deceased wife, Kimberly Biggs-Keil, who died in a car accident. The complaint was filed in the Luzerne County Court of Common Pleas. Keil alleged that his wife's death was caused in part by faulty inspection procedures employed by Treible's Wrecker Service, the auto service station that inspected the car that struck and ultimately killed his wife. (Compl., Doc. 1, Ex. A, at ¶¶ 2, 9-12, 14-17 (underlying state complaint).) At the relevant time, Treible's Wrecker Service was insured by Star Insurance Company. (Compl. at ¶¶ 5-6.)

Star Insurance then brought a new action in federal court under the Declaratory Judgment Act. (*See id.*, "Civil Cover Sheet.") In the federal action, Star alleges that Treible's Wrecker did not disclose the fact that it conducted car inspections in its insurance application. (*Id.* at ¶ 10.) Star further alleges that, if it had been aware that Treible's Wrecker was conducting inspections, it would have declined to quote the Treible's account and would not have issued the policy. (*Id.* at ¶ 11.) Accordingly, Star

---

[1] Defendant's brief is simply a short statement stating that it concurs with the Plaintiff. Accordingly, all references herein are to Plaintiff's brief. The Court shall nevertheless construe Plaintiff's arguments as the arguments of both parties.

2

seeks a Declaratory Judgment pursuant to 28 U.S.C. § 2201, based on diversity of citizenship, that the insurance issued to Treible's is rescinded and void *ab initio*, and that Star is not obligated to defend and/or indemnify Treible's or its owner, Wayne Treible, for claims asserted in the underlying state action. (*Id.* at ¶ 31(a)-(c).)

Star Insurance initially named Eric Keil, Wayne Treible, and Treible's Wrecker Service as defendants in the federal action. (*Id.* at ¶¶ 2-4.) However, after Wayne Treible and Treible's Wrecker Service failed to respond to the Complaint, this Court granted a default judgment against them. (*See* Doc. 32.) Thus, the only remaining defendant is Eric Keil. As the Court explained in a Memorandum Opinion on June 22, 2012, Keil remains a proper defendant even though he is not a party to the insurance contract. (*See* Doc. 31 at 8 (concluding that it "would be inequitable, in defiance of common sense, and incorrect as a matter of law, to hold that Keil does not have a direct stake in the declaratory judgment action," given that his ability to collect on his underlying claim rests in large part on Treible's insurance coverage).)[2]

Finally, on September 28, 2012, Star Insurance filed a motion for summary judgment, which is the subject of the Court's present Opinion. Based on the parties' respective statements of facts, the primary dispute concerns whether Wayne Treible

---

[2] *See also Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 274 (1941) ("Thus we hold that [in a declaratory judgment action] there is an actual controversy between petitioner [the insurer] and Orteca [the injured party], and hence, that petitioner's complaint states a cause of action against the latter.").

3

misrepresented his participation in the state inspection business. If he did, and if Star Insurance or its agents had no duty to verify the truth of his statements, then Star would be entitled to rescind the contract. If he did not, then Star would be obligated to defend or indemnify him and the contract could be rescinded.[3]

III. Analysis

a. Abstention under the Declaratory Judgment Act

Before the Court may even have occasion to address the legal merits of Star Insurance's Motion, it is necessary to determine whether the Court should even entertain this case under the Declaratory Judgment Act at all. The Declaratory Judgment Act states that "any court of the United States . . . *may* declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (emphasis added). According to the Supreme Court, the Act, as interpreted in the case *Brillhart v. Excess Insurance Company of America*, 316 U.S. 491, 62 S. Ct. 1173, 86 L. Ed. 1620 (1942), "makes clear that district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v.*

---

[3] The parties' positions on this issue are laid out at length in their respective briefs. (*See* Docs. 38-2, 41, 42.) Though there is only one issue of fact to determine, the Court does not mean to imply, nor should it be construed as implying here, that this determination is an easy one or that the Court takes any position for or against the arguments laid out in the parties' respective briefs.

4

*Seven Falls Co.*, 515 U.S. 277, 282, 115 S. Ct. 2137, 2140, 132 L. Ed. 2d 214 (1995).

Accordingly,

> The question for a district court presented with a suit under the Declaratory Judgment Act . . . is "whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court."

*Id.* (quoting *Brillhart*, 316 U.S. at 495, 62 S. Ct. 1175). In response to these precedents, the Third Circuit has stated:

> For cases like *Brillhart*, where district courts must decide whether to hear declaratory judgment actions involving insurance coverage issues, we have suggested relevant considerations:
> 1. A general policy of restraint when the same issues are pending in state court;
> 2. An inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion;
> 3. Avoidance of duplicative litigation.

*State Auto Ins. Companies v. Summy*, 234 F.3d 131, 134 (3d Cir. 2000) (citing *United States v. Commonwealth of Pa., Dep't of Envtl. Res.*, 923 F.2d 1071, 1075-76 (3d Cir. 1991)).

The preference of the parties for a federal forum, while potentially persuasive, is not dispositive. As the Third Circuit has stated, abstention is an outgrowth of federalism, which cannot be waived by the parties consent:

> In order to maintain the proper relationship between federal and state courts, it is important that district courts "step back" and allow the state

courts the opportunity to resolve unsettled state law matters. As *Wilton* reminded us, the Declaratory Judgment Act confers a discretion on the courts rather than an absolute right on litigants. *Wilton*, 515 U.S. at 287, 115 S.Ct. 2137. It follows that the state's interest in resolving its own law must not be given short shrift simply because one party or, indeed, both parties, perceive some advantage in the federal forum.

*Id.* at 136.

Moreover, when, as in the present case, "the state law is firmly established, there would seem to be even less reason for the parties to resort to the federal courts. Unusual circumstances may occasionally justify such action, *but declaratory judgments in such cases should be rare.*" *Id.* (emphasis added). To put the matter succinctly: "The desire of insurance companies and their insureds to receive declarations in federal court on matters of purely state law has no special call on the federal forum." *Id.*

Having considered the parties' respective memoranda of law on the matter of federal jurisdiction, the Court sees no reason to depart from the Supreme Court and Third Circuit's guidance so as to retain jurisdiction. The disputes here are standard issues of state contract law, which have "no special call on the federal forum." As in *Summy*, "[n]ot a single federal question was presented to the District Court by" either party. *See id.* The state courts are perfectly equipped to handle such cases; after all, they involve application of Pennsylvania's own law. Therefore, the Court will decline to exercise jurisdiction under the Declaratory Judgment Act and will dismiss the case.

### b. *Wilton*, Not *Colorado River*, Abstention Applies

Star Insurance contends that a decision to decline jurisdiction must be analyzed under the test laid out in the Supreme Court's *Colorado River* case. (*See* Pl.'s Mem. of Law as to Retention of this Lawsuit in Federal Court, Doc. 44, at 5-10.) In *Colorado River*, the Court held that federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them" except in a few "exceptional circumstances." *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 814-817, 96 S. Ct. 1236, 1244-46, 47 L. Ed. 2d 483 (1976) (enumerating circumstances that justify abstention). However, *Colorado River* did not involve litigation under the Declaratory Judgment Act. And as the Supreme Court stated in *Wilton*, "[d]istinct features of the Declaratory Judgment Act . . . justify a standard vesting district courts with greater discretion in declaratory judgment actions than that permitted under the 'exceptional circumstances' test of *Colorado River*." *Wilton*, 515 U.S. at 286.

Nonetheless, Star argues that, even though it brought this case under the Declaratory Judgment Act, "[t]he fact that rescission is sought brings this lawsuit out of the abstention standard applicable to deciding whether to decline jurisdiction in pure declaratory judgment actions and under the standards of *Colorado River*." (Doc. 44 at 5.) This is so because rescission "is more concrete, and beyond the usual request for a simple declaration of rights as to the meaning of policy language." (*Id.* at 5 n.1.)

7

The Court remains unconvinced. Rescission would be itself a declaration that Treible never had an entitlement to insurance payments based on the information he provided in his application. Though Star cites several cases in its memorandum involving "mixed" issues of declaratory and non-declaratory relief, which brought those cases under the *Colorado River* standards, the non-declaratory relief sought in all such cases was either monetary or injunctive. (*See id.* at 5-8 (collecting cases).) None involved solely a declaration rescinding a contract. That is because, in such pure rescission cases, there is no mixture of non-declaratory and declaratory relief. All the Plaintiff seeks is a declaration that the policy is rescinded, which puts the case squarely under the *Wilton* abstention doctrine.

Plaintiff next argues that abstention is inappropriate because there is no "parallel state court litigation that will completely and finally resolve the issues between the parties." (Doc. 44 at 8.) The underlying state negligence claim is only against Wayne Treible, Treible's Wrecker, and the driver who struck Ms. Biggs-Keil; Star Insurance is not a named defendant. Nor is insurance coverage even at issue in the state claim.

But the "parallel litigation" standard that Star cites is made in reference to *Colorado River* abstention, not to abstention under the Declaratory Judgment Act.[4] As to

---

[4] Plaintiff cites *IFC Interconsult, AG v. Safeguard International Partners, LLC*, 438 F.3d 298, 306 (3d Cir. 2006) in support of its argument. However, *IFC* involved federal jurisdiction over a motion to confirm an arbitration award and garnishment proceedings. *IFC*, 438 F.3d at 303-04. This clearly implicates *Colorado River*, not the Declaratory Judgment Act, and the Third Circuit treated it as such. *See id.* at 305.

8

the latter, a broader standard applies. In declaratory judgment cases, the Third Circuit counsels only "a general policy of restraint when the same issues are pending in state court." *Summy*, 234 F.3d at 134. Likewise, the Supreme Court in *Wilton* held that "parallel proceedings, presenting *opportunity for ventilation* of the same state law issues, [that] were underway in state court" were enough to justify abstention under the Declaratory Judgment Act. *Wilton*, 515 U.S. at 290, 115 S. Ct. 2144 (emphasis added). These standards do not require that the state and federal litigation be directly parallel or involve exactly the same parties. Rather, it can be sufficient that the state litigation provides *the opportunity* for resolution of the same issues.

In the same vein, the Court finds persuasive certain non-precedential case law from this Circuit. In *Atlantic Mutual Insurance Company v. Gula*, 84 Fed. App'x 173 (3d Cir. 2003), the Third Circuit reviewed a district court's decision to abstain from a declaratory judgment action which, much like the present case, involved an insurance company's duty to defend or indemnify its insured in an underlying state negligence proceeding. In responding to arguments much like those that Star Insurance has presented here, the Court concluded:

> Looking to the first *Summy* factor, we note that of the two actions the Gulas filed in state court related to the facts of this case, *Gula v. TMCA/Novaeon, Inc.*, No. 01-02011 (Delaware County) is relevant to the case at bar as the complaint in that suit asserts that Novaeon [the insured] failed to provide adequate, timely and proper health care for Mrs. Gula's injury. Atlantic Mutual [the insurer] argues that this action does not expressly deal with the

9

> issue of coverage which is currently before this court. The Gulas respond that if they ultimately prevail in state court on the negligence claim, the illusory coverage issue will come up in garnishment proceedings. In other words, even if the coverage issue is not currently pending, it will as a matter of logic necessarily arise before the matter is concluded in state court. The first *Summy* factor is met.

*Gula*, 84 Fed. App'x at 175 (internal citations, quotation marks, and alterations omitted).

A recent decision from the District of New Jersey also interprets *Gula* to reach a similar holding based on similar facts:

> [T]he Court reasons that while the coverage issue is not yet pending in the underlying malpractice action, if Erhart and Press ultimately prevail against the Van Syoc defendants, the coverage issue will inevitably arise and be addressed either as a third-party complaint filed by Van Syoc or as a separate complaint filed by either Evanston Insurance Company or Van Syoc. It is also significant that every party in the related state court malpractice action is a defendant here and seeks to have the coverage issues litigated in the state court. Thus, the Court concludes that discretionary abstention is warranted because of the closely related underlying state court action.

*Evanston Ins. Co. v. Van Syoc Chartered*, 863 F. Supp. 2d 364, 370 (D. N.J. 2012).

Even accepting that Star Insurance is not a party to the state court action and that the issue of insurance coverage cannot be raised under Pennsylvania law, the same analysis applies to the present case. Whether Star files a separate complaint in state court asserting that it has no obligation to defend or indemnify or Treible's Wrecker, or whether the issue comes up as an affirmative defense to a complaint alleging that Star is bound to defend or indemnify, these same issues will inevitably arise. Because they are

issues of purely state contract law, the Court finds that abstention is an appropriate use of its discretion under *Summy*.

### c. Judicial Economy

Finally, Star Insurance argues that considerations of judicial economy weigh in favor of maintaining jurisdiction. It notes that the parties have already completed discovery; that defendants Wayne Treible and Treible's Wrecker have already had default judgments entered against them; that the decision to abstain only arose at the summary judgment stage, rather than at the more common motion to dismiss stage; and that abstention would mean that Star Insurance would have to file a new lawsuit in state court. (*See* Doc. 44 at 12.) However, while the Court is mindful of these considerations, it does not believe that they justify the kind of encroachment against traditional areas of state sovereignty that a declaratory judgment would engender.

The most important consideration that Star raises is probably the idea that judicial resources are wasted by allowing a case to proceed as far as the summary judgment stage before declining to exercise jurisdiction. Nonetheless, if the Court decides that a federal forum is inappropriate, it makes little sense to continue to entertain a case just because the Court did not reach its conclusions earlier. *Cf. Wilton*, 515 U.S. at 288 ("If a district court, in the sound exercise of its judgment, determines after a complaint is filed that a declaratory judgment will serve no useful purpose, it cannot be incumbent upon

that court to proceed to the merits before staying or dismissing the action."). Moreover, there is no reason to believe that abstention at the summary judgment stage is somehow *ipso facto* "too late." The *Wilton* Court explicitly stated, "Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment *before trial or after all arguments have drawn to a close.*" *Id*. at 288 (emphasis added). Here, the Court is declining jurisdiction well before trial (which has not even been scheduled) and well before all arguments have drawn to a close. Therefore, the Court finds that abstention at the summary judgment stage, while later than usual, falls within the bounds of its discretion as set out by the Supreme Court.

Relatedly, the entry of default judgment against Wayne Treible and Treible's Wrecker does not pose any significant complication in a state court case if Treible were to suddenly decide to litigate the coverage issue in state court.[5] Under Pennsylvania law, default judgments are *res judicata*, *Fox v. Gabler*, 626 A.2d 1141, 1143 (Pa. 1993), but do not have collateral estoppel effect, *see McGill v. Southwark Realty Co.*, 828 A.2d 430, 434-435 (Pa. Commw. Ct. 2003) (citing *Fleet Consumer Discount Co. v. Graves*, 33 F.3d 242 (3d Cir. 1994)). Therefore, if an attempt to revisit the default issue were raised in an action over the extent of coverage, the parties would need only to determine

---

[5] This issue could not arise in the underlying action, where Treible and Treible's Wrecker are sued for negligence. It could only arise in an independent action for indemnification or in a state declaratory judgment action.

whether the default judgment counts as *res judicata* (i.e. preclusive as to the entire claim) or collateral estoppel (i.e. preclusive as to the issue only, and therefore not preclusive in state court). The Court does not find that the mere risk of the re-occurrences of the default issue is sufficient to override the very real factors weighing in favor of abstention. Nor can the Court find that the failure to decline jurisdiction at the default judgment stage constitutes a waiver of its right to decline jurisdiction in the future. *See* cases discussed p. 11-12, *supra*.

The other factors that Star Insurance cites are not dispositive either. The fact that the parties have already completed discovery is of little consequence, given that the same evidence would be subject to discovery in state court. By declining jurisdiction, the Court does not force the parties to start discovery all over again; it simply makes them make use of what was already discovered in a federal action in state court. Likewise, the fact that Star Insurance would have to file a new action in state court might be somewhat inconvenient, but it is not sufficiently burdensome to overcome the considerations weighing in favor of abstention.

## IV. Conclusion

Based on the foregoing arguments, the Court shall decline to exercise jurisdiction. The case is therefore **DISMISSED** and Plaintiff's Motion for Summary Judgment (Doc. 38) is **DISMISSED AS MOOT**. A separate Order follows.

Robert D. Mariani
United States District Judge